IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN BRADFORD CONTEE, 56349-037     *
       Petitioner,
           v.                               *    CIVIL ACTION NO. DKC-16-3998

WARDEN                                      *
       Respondent.
                                              *****

**MEMORANDUM OPINION**

**I.     Background**

On December 12, 2016, the court received a letter from Sean Bradford Contee, an inmate housed at the Federal Correctional Institution ("FCI") McKean in Bradford, Pennsylvania. Contee states that he is participating in the Residential Drug Abuse Program ("RDAP") and his current release date is March of 2018, with possible consideration for a six-month halfway-house placement upon his successful completion of the RDAP program. ECF No. 1. Contee asks this court to recommend to his Unit Team that he receive an additional three to six months more of halfway house or home confinement so he "can begin the process of finding fulltime employment while at the halfway house…" He asks that the court consider his Petition as a request under the Second Chance Act for additional halfway house time. *Id*. As Contee's letter did not seek to attack the fact of his conviction, but rather concerns the length and duration of his confinement, it was construed as a 28 U.S.C. § 2241 Petition for habeas corpus relief.

**II.    Underlying Conviction**

Contee was convicted of one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to a 108-month term of imprisonment, four years of supervised release, and ordered to pay a special assessment of $100.00. *See United States v. Contee*, Criminal No. DKC-13-175 (D. Md.). Criminal judgment was entered on February 4, 2014. *Id*. at ECF No. 62. On November 24, 2014, the United

States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *Id*. at ECF No. 77; *see also United States v. Contee*, 585 Fed. App'x 260 (4th Cir. 2014). On January 8, 2016, an Order was entered reducing Contee's sentence to an 87-month term under 18 U.S.C. § 3582. *See United States v. Contee*, Criminal No. DKC-13-175 (D. Md.) at ECF No. 83.

### III.    Personal Jurisdiction Over § 2241 Petition

Title 28 of the United States Code § 2241(a), gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011); *United States v. Hinton*, 347 Fed. App'x 885 (4th Cir. 2009). Contee is confined in the District of Pennsylvania. This court has no jurisdiction to adjudicate his 28 U.S.C. § 2241 petition and the matter shall be dismissed without prejudice.

### IV.    Motion to Extend the Time of Halfway House Placement

Even were the court to examine Contee's request as a motion to extend the time of his halfway house placement, it would find that it has no discretionary basis for doing so. The Second Chance Act of 2007 permits eligible inmates to spend some portion of the final twelve months of

2

their sentence in a community correctional facility, also known as a halfway house or residential reentry center ("RRC"). The statute provides in relevant part:

> (1) In general.  The Director of the Bureau of Prisons shall, **_to the extent practicable_**, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions **_may_** include a community correctional facility.

18 U.S.C. § 3624(c) (emphasis added).

The statute only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of sentence.  *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th$^{th}$ Cir. 2009); *see also Lovett v. Hogstern,* 2009 WL 5851205 (6th Cir. Dec. 29, 2009) (unpub.); *Travers v. Federal Bureau of Prisons,* 2009 WL 4508585 (D. N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved.  These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations."); *Creager v. Chapman,* 22010 WL 1062610 (N.D. Tex. Mar. 22, 2010) (holding that although Petitioner disagrees with her RRC placement date after consideration of the § 3621(b) factors, this "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any guaranteed placement in a residential reentry center[ ]" and " 'the duration of [RRC] placement is a matter to which the [BOP] retains discretionary authority.'"  (citations and quotation omitted)); *Chaides v. Rios*, 2010 WL 935610 (E. D. Cal. Mar. 15, 2010) ("In sum, the BOP has discretionary authority to transfer an inmate to an RRC at any time, after considering the factors set forth in 18 U.S.C. § 3621(b), and has a separate and distinct obligation to consider an inmate for transfer to an RRC for up to twelve

3

months prior to the inmate's release date, after considering the factors set forth in section 3621(b)"). (citation omitted).

The plain language of the statute makes clear that placement in an RRC is discretionary and not mandatory. To determine the appropriate length and place of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b) ]," which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment. *See* 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22. The factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).[1]

The court has no discretionary authority to lengthen the time of Contee's RRC placement. For the aforementioned reasons Contee's letter, construed as a 28 U.S.C. § 2241 Petition, is dismissed without prejudice. To the extent that Contee seeks court order to extend his period of half-way house or RRC placement, his request shall be denied. A separate Order follows.

Date: January 17, 2017                  _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[1] An inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Contee identifies no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is a matter of prison management within the knowledge and expertise of BOP officials; thus, this court will not intervene unless a clear constitutional violation has occurred.